UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND                    18-md-2865 (LAK)
LITIGATION

This paper applies to:    18-cv-5053, 18-cv-9797,
                          18-cv-9836, 18-cv-9837,
                          18-cv-9838, 18-cv-9839,
                          18-cv-9840, 18-cv-9841,
                          18-cv-10100
------------------------------------------x

**PRETRIAL ORDER NO. 50**
(ED&F Motions)

LEWIS A. KAPLAN, *District Judge.*

  ED&F Man Capital Markets Limited ("ED&F") moves to dismiss the amended third-party complaints of Acer Investment Group, LLC ("Acer"), Darren Wittwer, and Elaina M. Crema in her capacity as personal representative of the estate of Robert V. Crema (collectively "TPPs").[1] ED&F argues that all of TPPs' claims are subject to dismissal for lack of personal jurisdiction and failure to state a legally sufficient claim, that most of TPPs' claims are time-barred, and that the Court lacks subject matter jurisdiction over certain of TPPs' claims.

  In Pretrial Order No. 38, third party plaintiffs' motion for leave to file amended third-party complaints, the Court noted that "the existence of genuine issues of material fact precludes the Court from determining as a matter of law that personal jurisdiction over [ED&F] is lacking."[2] Unlike wine, unmeritorious arguments do not improve with age.

  The Court made clear also that "ED&F's contention that the third-party complaints fail to state claims upon which relief may be granted [. . .] would be best addressed at the summary judgment stage or perhaps even at trial."[3] Having now tried to verdict a large number of similar (though not

---

[1] Dkt 1038 (ED&F's Motion to Dismiss).

[2] Dkt 1017 (Pretrial Order No. 38).

[3] *Id.*

2

identical) cases in a consolidated trial that consumed almost five weeks, it is clearer than ever that the relationships among the defendants-third party plaintiffs and firms in positions at least generally comparable to that apparently occupied by ED&F were of great complexity and that TPPs may well be able to make out legally sufficient cases at trial in the event that TPPs prove liable in the first instance. Further litigation concerning the fine points of pleading would not serve the interests of just, speedy and economical resolution of disputes.

ED&F argues also that SKAT's refusal to pay refund claims after August 2015 triggered a duty of the TPPs to inquire, that they failed to do so, and that their fraud, negligent misrepresentation, breach of fiduciary duty, promissory estoppel and unjust enrichment claims therefore are time-barred.[4] However, this Court previously denied summary judgment to other defendants sought on the same ground in light of the presence of genuine issues of material fact.[5] Moreover, it allegedly was not until September 2019 that ED&F acknowledged that 42 of the 72 tax vouchers that it furnished for submission to SKAT in pursuit of "tax refunds" contained misrepresentations.[6] And it bears mention also that a similar limitations defense mounted by the defendants in the recent trial was rejected by a unanimous jury.

Finally, ED&F argues that Crema and Wittwer lack standing to assert their unjust enrichment claims because these claims are "wholly predicated on fees allegedly collected by ED&F from the AIG and DWC Plans," and neither has alleged a basis for bringing suit in their individual capacities.[7] However, Crema and Wittwer both allege that they, as sole participants of the plans, were third-party beneficiaries of the plans' relationship with ED&F[8] and thus that any unjust enrichment of ED&F was at the expense of Crema and Wittwer.

---

[4] Dkt 1039 (Def. Br.) at 14.

[5] *In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-CV-04051, 2023 WL 8039623, at *14-15 (S.D.N.Y. Nov. 20, 2023).

[6] Dkt 1019-1 (Acer ATPC) at ¶ 53; Dkt 1019-2 (Crema ATPC) ¶ 57; Dkt 1019-3 (Wittwer ATPC) at ¶ 57.

[7] Dkt 1039 at 13.

[8] Dkt 1019-2 at ¶ 11; Dkt 1019-3 at ¶ 11.

3

For all of the foregoing reasons, ED&F's motion to dismiss the amended third party complaints (Dkt. 1038) is denied in all respects.

SO ORDERED.

Dated: February 28, 2025

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge